**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEIDY PATRICIA ESQUIVEL-RUBINOS,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 13-72600<br><br>Agency No. 099-581-763<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2017[**]
Seattle, Washington

Before: BYBEE and M. SMITH, Circuit Judges, and DORSEY,[***] District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

Jeidy Patricia Esquivel-Rubinos petitions for review of the Board of Immigration Appeal's (BIA) denial of her requests for asylum, withholding of removal, relief under the Convention Against Torture (CAT), and cancellation of removal. We review legal questions de novo and the BIA's factual findings for substantial evidence. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015). Because the BIA's decisions were supported by substantial evidence, we deny the petition.

*A.     Substantial evidence supports the BIA's denial of asylum.*

A petitioner must file her application for asylum within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2). An application filed after the one-year deadline may be considered only if the petitioner demonstrates "either the existence of changed circumstances [that] materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period." 8 U.S.C. § 1158(a)(2)(D).

The BIA found that Esquivel-Rubinos was barred from asylum because she filed her application 14 years after arriving and did not allege eligibility on appeal. Esquivel-Rubinos does not allege changed circumstances that materially affect her eligibility for asylum. She argues that she was unaware of the filing deadline, but

2

advances no precedent or regulation that would allow us to consider ignorance of the law as an extraordinary circumstance. The BIA's asylum denial was supported by substantial evidence.

B.      *Substantial evidence supports the BIA's denial of Esquivel-Rubinos's withholding-of-removal application and CAT claim.*

An applicant is entitled to withholding of removal if she demonstrates that it is "more likely than not" that she will be persecuted if she returns to the proposed country of removal. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999) (quotation marks omitted) (citing 8 C.F.R. § 208.16(b)(1)). To qualify for CAT relief, the petitioner must show that she "'is more likely than not to be tortured in the country of removal.'" *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.16(c)(4)).

The BIA found that Esquivel-Rubinos failed to establish that she suffered past persecution in Guatemala because she failed to show a nexus between her father's death and one of the protected grounds enumerated in section 241(b)(3)(A) of the Immigration and Naturalization Act, 8 U.S.C. § 1231(b)(3)(A). Police determined that her father's death was an accident, and Esquivel-Rubinos failed to provide any evidence suggesting otherwise.

The BIA also found that Esquivel-Rubinos failed to show a clear probability of future persecution or torture and that she failed to identify a specific social group of which she is a member. Though it appears that she claims "women in Guatemala" as her social group in both her application for asylum and appeal to the BIA, she did not establish any risk of future harm because of her membership in this group. Esquivel-Rubinos testified that neither she nor her mother or two sisters have been threatened or harmed in Guatemala, she did not "have in mind right now anyone" who might want to harm her, and her fear of violence in Guatemala stems from stories she hears. An "applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident." *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (superseded by statute on other grounds). The BIA's denial of Esquivel-Rubinos's withholding-of-removal and CAT claims was supported by substantial evidence.

C. *This court lacks jurisdiction to review the BIA's rejection of Esquivel-Rubinos's cancellation-of-removal claim.*

To qualify for cancellation of removal, a nonpermanent resident alien must demonstrate that removal would result in exceptional hardship to the alien's spouse, parent, or child who is a citizen of the United States or an alien lawfully

admitted for permanent residence. 8 U.S.C. § 1229b(b)(1). Although this court lacks jurisdiction to review "exceptional and extremely unusual hardship" determinations, *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003), it retains jurisdiction to consider constitutional questions, such as due process challenges, *Reyes-Melendez v. INS*, 342 F.3d 1001, 1008 (9th Cir. 2003), which are reviewed de novo, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011) (as amended). "[A]n alien attempting to establish that the Board violated h[er] right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Because the petitioner "bears the burden of raising a colorable constitutional claim or question of law . . . [the court] must presume that [it] lack[s] jurisdiction absent such a showing." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

Esquivel-Rubinos argues that the BIA violated her due process rights by failing to consider the hardship on her three United States-citizen children stemming from: (1) her lack of alternative means of immigrating to the United States for at least ten years or until she has a qualifying relative for a waiver; (2) the uncertainty of her husband's immigration situation; and (3) the aggregate result of these hardships combined with those created by separation from family and

5

diminished financial support and educational opportunities if she returns to Guatemala with her children.

The BIA found that the IJ "properly weighed the totality of the factors" in making his hardship determination, including hardships resulting from economic, emotional, and educational factors, and family separation if the father does not go to Guatemala. The BIA also considered the testimony of Esquivel-Rubinos's husband about the uncertainty of his own immigration situation and his stated inability to support his family at current economic levels if the children move back to Guatemala with Esquivel-Rubinos. And it noted in the order that if Esquivel-Rubinos "fails to voluntarily depart the United States within the time period specified . . . [she] shall be ineligible for a period of 10 years for any further relief under . . . the Act."

Esquivel-Rubinos did not meet her burden of establishing that the BIA violated her right to due process by failing to consider relevant evidence. This court thus lacks jurisdiction to review the BIA's dismissal of Esquivel-Rubinos's appeal from the denial of her cancellation-of-removal claim.

The petition for review is DENIED.